UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA LONG, | § | |
|  Respondent/Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-01283 |
| | § | |
| OMNI HOTELS MANAGEMENT | § | |
| CORPORATION, | § | |
|  Petitioner/Defendant | § | |

# MEMORANDUM OF RESPONDENT LINDA LONG
# IN SUPPORT OF HER OPPOSITION TO MOTION FOR SANCTIONS

TO THE HONORABLE ANDREW HANEN, DISTRICT COURT JUDGE:

Comes now, Linda Long, Respondent in this Motion for Sanctions, and prospective counsel R. Trent Gaither, and moves for leave to file this memorandum in further support of Ms. Long's position as related to the motion. First, counsel recognizes that the Court has not yet granted permission for Counsel's limited involvement in this case. [See Doc. 361]. Nonetheless, we beg the Court's indulgence in that counsel was advised over the weekend of a medical condition of a long and dear friend that may require him to be out of town for the next several days. Additionally, as further set forth below, we request that alternatively this memorandum be considered as a *pro se* filing on the sanctions issue should the Court deem that more appropriate.

## A.  *Opposition to Motion for Sanctions*

As to the motion made the basis of this filing, Omni Corporation (hereafter Petitioner) has petitioned this Court to impose sanctions upon Ms. Long (Respondent), requesting that the court dismiss her case with prejudice (thereby revoking her right to appeal) and, perhaps worse,

order her to pay an unspecified amount of monetary damages. [Doc. 356]. Petitioner has not demonstrated to the Court that such drastic measures are warranted.

Initially, and for the record, Respondent adopts the arguments and authorities cited in the response submitted by Ms. Long's trial counsel as further support of this submission. [See Doc. 360].

There is little question that the court has virtually unfettered authority to impose sanctions upon litigants before it, even extraordinary sanctions, if it finds an abuse of the judicial system. But we should be forever mindful the old and wise adage that with great power comes great responsibility. Because of their very potency, inherent powers must be exercised with restraint and discretion and a primary aspect of that discretion is the ability to fashion an appropriate sanction even if the court finds misconduct has occurred. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991)(quotations and citations omitted). The *Chambers* Court further cautioned that a court considering sanctions should ordinarily rely on the rules governing the specific issue and turn to it's inherent powers only as a last resort. *Id.* at 50 (if . . . " neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power"). Petitioner simply ignores this principle and makes no effort to demonstrate why other avenues are not sufficient to address it's concerns, and the cases it cites do not support that kind of rush to judgment.

The sanctionable conduct in *Chambers* was described as identifying Mr. Chambers as "the strategist" behind a scheme devised to first deprive the district court of jurisdiction and, second, to devise a plan of obstruction, delay, harassment, and massive expense sufficient to reduce NASCO to a condition of exhausted compliance. *Chambers* at 32. Clearly, the conduct confronting the court in *Chambers* is not reflective of the facts presented here. Even Petitioner's

theory does not demonstrate the kind of "wide range of willful conduct" implicating multiple rules that the Fifth Circuit has found merits invocation of sanctions. *See, Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1418 (5th Cir.1995). Indeed, Petitioner has cited no caselaw that is anywhere close to the issue presented here.

The basis for Petitioners request is that Ms. Long allegedly "committed perjury" relating to a prior case involving Caesar's Palace which in turn justifies the ultimate penalty. It goes so far as to state : "That [Long] committed perjury is not in dispute," and encourages the court to view that threshold issue as nothing more than a speed bump in the road to the hanging. To the contrary, whether Ms. Long committed perjury is very much in dispute, even if she actually made a factually incorrect statement.

Under federal law, a factually incorrect statement is not perjury *per se,* contrary to Petitioners rants. In order to show perjury, it is incumbent upon the proponent to demonstrate that the person making the statement knew it to be false at the time it was made and that it was material to the core issue involved. In other words, "perjury" occurs only when it is shown that "[a] witness testifying under oath or affirmation ... gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan,* 507 U.S. 87, 113 (1993) [1]. Furthermore, the Fifth Circuit has noted that mere inconsistencies or contradictory testimony is not sufficient to establish perjury. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). * *

Petitioner cites in support of its position *Brown v. Oil States Skagit Smatco,* 664 F.3d 71, 76–80 (5th Cir.2011) and *Sarco Creek Ranch v. Greeson*, 167 F.Supp. 3d 385 (S.D. Tex. 2016).

---

[1] *See also,* 18 U.S.C.A. § 1621(1); *United States v. Debrow,* 346 U.S. 374, 376, (1953); *United States v. Norris*, 300 U.S. 564, 574-576 (1937).

3

In *Brown,* the court determined that the plaintiff had committed perjury when he testified to two diametrically opposed statements which went to the very core of his case. The sanctions imposed in the *Sarco Ranch* case came after it was shown that the operator of the Ranch fabricated documents in addition to false testimony to evidence an essential element of his cause of action. Neither of these, nor any other case cited by Petitioner, involved a a 69 year old individual being asked about an event that occurred fifteen to twenty years before in the atmosphere of a heated trial on a collateral matter.

    Certainly, age or significant passage of time do not provide a license to commit perjury, but just as certainly they are factors to consider as to whether a misstatement was due to memory lapse, confusion, or basis other than an intent to abuse the system . Each should also be a factor in analyzing whether the declarant engaged in the kind of clear record of contumacious conduct that warrants the draconian nature of the sanctions requested by Petitioner. *Gonzalez v. Trinity Marine Grp., Inc.,* 117 F.3d 894, 899 (5th Cir.1997). Apparently, petitioner had this impeaching information for some time but chose not to present it until the emotional and traumatic environment of testifying in open court, providing little opportunity for respondent to reflect, think back, and refresh whatever recollection she may have had about this prior incident, if she did. Further, we are certainly in agreement with Long's trial counsel when they say that the Caesar's case would not have qualified as the type of plan, scheme, or design that would in and of itself allow admission into evidence. Consequently, arguably the only basis for admission was for impeachment value of credibility. What exactly would be someone's motive for being untruthful about a factual matter that in all likelihood would not come into evidence unless they lied about it. Regardless, the one thing that is beyond dispute is neither the Caesar's Palace

matter nor her lack of memory had anything the core issue of the instant case against Omni: what Petitioner did or did not do and whether or not it acted improperly.  Petitioner may have used the rules of evidence an procedure to it's advantage, as it is charged to do, but it has nowhere near demonstrated that Ms. Long's conduct is in the same vein in terms of willfulness and corrupt intent as the cases it cites to support the severity of the sanctions it requests.

As to the show cause portion of Petitioner's request, it appears that portion is not targeted at Ms. Long, and rightfully so.   Being asked to show cause why she may have forgotten some past event of her life places her not only in an untenable position, but one that is impossible.  Anyone who can explain why any human being forgets things has truly invaded the province of God herself.  Anything offered towards that unholy grail would only be twisted, manipulated, and spun in the most negative light.  The same could not be said of the converse: nothing a person in that position had to offer could conceivably be perceived as a legitimate reason, otherwise the event would not have been forgotten in the first place.

### B.     *Respondent has not waived objection to sanctions*

Finally, Omni's submission that Respondent has waived any objection to the Motion for Sanctions is misplaced.  Admittedly, the present status of this case reflects an awkward situation, although not one that counsel has not seen in the some thirty years of being a member of this bar.  The process followed by counsel is the same that has been in place from the practice workshop then and perhaps even now is required for admission to the Southern District.   The purpose of an filing an appearance is, in part, a representation to the court that the attorney is responsible for all aspects of that particular case, and the implied representation that they are competent to do so.  However, situations arise where that is not feasible or advisable, often as in this case because a

particular lawyer should not be representing competence in an area of law in which there is none. By filing for a limited appearance, counsel is able to provide essential information to the court to make an informed decision.   Such is the case here.

Petitioner's allegations of perjury most assuredly raise the specter of criminal exposure. It can hardly be argued that such threats trigger the full force and protections embodied in the Constitution of the United States.   The prudent, if not necessary, protocol at that point is to allow the citizen accused to consult and rely on counsel who has a background and experience in the criminal law, who at the same time may not have any meaningful insight into the world of employment law.   Obviously, the Court does not have to grant the request and although that has never occurred in matters this counsel was involved, it is a recognized possibility.  That is precisely the purpose of making the alternative request that in such event, the Court consider it as a *pro se* filing.  At the end of the day, this situation is not entirely different from the scenario in which a criminal defendant chooses to proceed *pro se* but is provided with stand-by counsel, an occurrence of some frequency in this district.

We make that same request here.  Ordinarily, counsel would wait until the Court approves the request to limit the appearance, but again we ask that the Court consider the personal circumstances previously described and, even if this memorandum is considered premature, that it nonetheless be considered as a pro se filing by Respondent/Defendant Linda Long.

For all the reasons stated herein, and set forth in the response filed by Ms. Long's trial counsel, Petitioner's Motion for Sanctions should be DENIED in all respects.

Respectfully Submitted

   /s/ R. Trent Gaither
R. Trent Gaither
SBN: 07572550
5111 Center St.
Houston, Texas 77007
(713) 865-5600 Tel.
(713) 865-5611 Facsimile
*gaitherlawgroup@yahoo.com*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon opposing counsel via the court CM/ECF system and as otherwise indicated:

| *Dated:*   07/27/2019 | */s R. Trent Gaither* |
|---|---|
| | R. Trent Gaither |

*via email: choblit@hdr-law.com*

R. Clay Hoblit
Hoblit, Darling, Ralls, et.al.
802 N. Carancahua #2000
Corpus Christi, TX 78401

*via email: shouston@sschlaw.com*

Sam A. Houston
SCOTT, CLAWATER & HOUSTON
2727 Allen Parkway, Suite 500
Houston, Texas 77019

via email: *barbara@gardneremploymentlaw.com*

Barbara J. Gardner
Law Office of Barbara J. Gardner
3730 Kirby Dr., Suite 777
Houston, Texas 77098

## CERTIFICATE OF CONFERENCE

Because this is not a motion but rather a memorandum in support of a previously filed response in opposition, which was opposed, I hereby state my understanding that a certificate of conference is unnecessary.

*/s  R. Trent Gaither*
R. Trent Gaither
