United States District Court
Southern District of Texas
**ENTERED**
August 22, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA LONG, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-1283 |
| | § | |
| OMNI HOTELS MANAGEMENT | § | |
| CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Hard fought cases often lead to ill feelings and recriminations—whether justified or not. Cases that have been hard fought twice raise that tension exponentially. This Court, in a separate order, has found that the Plaintiff lied on multiple occasions—including in discovery answers and at trial. When it became apparent to the Court that she had or was attempting to mislead the jury with testimony that was not true, the Court allowed questioning for impeachment purposes questions about a subject matter (a prior lawsuit) that it had originally excluded pursuant to a motion in limine before the trial began. Needless to say, when it became apparent that she had been untruthful about it before and was seeking to continue this misconduct during trial, the Court was obligated by law to allow cross-examination on the topic.

That being said, there was no indication then, nor is there now, that the Plaintiff's counsel were complicit in this misconduct. This Court is not unsympathetic to the fact that the Defendant harbors a level of suspicion about the possible involvement by counsel in perpetuating this misconduct, and it further understands why it has requested discovery from counsel in this regard. This Court has sanctioned lawyers before (although not frequently) and it would not hesitate to do so again, given the proper circumstances. While it is not a topic it relishes, it

would also allow reasonable discovery into lawyer misconduct if there was any indication that lawyer misconduct occurred and that further discovery might flesh out the details and aid the Court.

There is clear evidence indicating misconduct by the Plaintiff, Linda Long, but the situation with respect to the possible involvement (either direct or indirect) by her lawyers is just the opposite. There is no evidence of misconduct and no reason for this Court to allow a fishing expedition to search for same.

Finally, this Court notes that this case has been pending since 2015. There have been two trials and years of discovery. There have been some hard-fought issues especially in the 2017 trial. There is a time in all pursuits when it is better to move on. In this case, it is time for the parties to move on either to the Fifth Circuit where they can continue to fight the merits of this matter or the manner in which this Court tried the case, or to some venture which this Court hopes proves more productive.

As such, the Court denies Defendant's Motion for Sanctions Against Plaintiff's Counsel (Doc. No. 356).

SIGNED at Houston, Texas, this \_\_\_22\_\_\_ day of August 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE